IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, ET AL., §<br>PLAINTIFFS, §<br>§<br>v. §<br>§<br>REBEL ATHLETIC INC., §<br>DEFENDANT. § | CIVIL CASE NO. 3:21-MC-151-L-BK |

### ORDER

Pursuant to 28 U.S.C. § 636 and the District Judge's *Standing Order of Reference*, Doc. 18, this cause is before the Court for consideration of *Plaintiffs' Motion to Transfer Their Motion to Compel Rebel Athletic Inc. to Comply with Subpoena Duces Tecum* ("Motion to Transfer"), Doc. 4. For the reasons that follow, the Motion to Transfer is **GRANTED**.

### A. Procedural History

This miscellaneous action was commenced with Plaintiffs' filing of a motion to compel Defendant's compliance with a document subpoena, which was issued by the United States District Court for the Western District of Tennessee (the "Tennessee Court"), in *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, Civil Action No. 2:20-CV-02600-SHL-cgc. Doc. 1; Doc. 2 at 5. The subpoena requires compliance in the Northern District of Texas. Doc. 3-1 at 6. Plaintiffs, however, seek to transfer the discovery dispute to the Tennessee Court. Doc. 4.

### B. Applicable Law

The subpoena was properly issued by the Tennessee Court under Federal Rule of Civil Procedure 45(a) as that is the court where the underlying litigation is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is

pending."). Because the subpoena requires compliance in Dallas, Plaintiff's motion to compel as well as this Motion to Transfer are properly before this Court. *See* FED. R. CIV. P. 45(d)(3)(A).

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Because Defendant opposes the motion, the Court may only transfer the *Amended Motion to Quash* if exceptional circumstances exist. *See Orix USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016) (Horan, J.). Generally, "the proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).

The advisory committee notes further instruct that:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.* "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Orix*, 2016 WL 3926507, at *4 (citation omitted).

**C. Parties' Arguments**

Plaintiffs argue that transfer of their motion to the Tennessee Court is warranted because Defendant is one of many non-parties on whom Plaintiffs have served—and expect to serve—

subpoenas in multiple districts seeking similar information in this case and related litigation in the Tennessee Court. Doc. 5 at 6. Plaintiffs further note (1) the litigation in the Tennessee Court involves a series of complex antitrust class actions with numerous parties, and the monopolistic scheme alleged involves a conspiracy lasting more than a decade; (2) the magistrate judge overseeing discovery in the Tennessee Court has already addressed discovery motions involving parallel, and sometimes identical, issues as those presented here; (3) discovery has been underway for more than a year; and (4) the Tennessee Court has issued a variety of case management orders that will affect Plaintiffs' motion to compel, including a protective order. Doc. 5 at 6-7.

Defendant contends that Plaintiffs cannot demonstrate that extraordinary circumstances support transfer of this action because (1) Defendant, its principal office and employees, and its attorneys are located in the metroplex; (2) counsel representing Defendant in the instant action are not admitted to practice before the Tennessee Court; (3) the documents responsive to Plaintiff's subpoena are located in Dallas; and (4) forcing Defendant to litigate the subpoena in Tennessee Court runs counter to its interests given the extensive amount of documents Plaintiffs seek. Doc. 7 at 27-28.

D. Analysis

Upon consideration of the law, the pleadings, and the parties' arguments, the Court finds that Plaintiffs have met their burden of showing that the transfer of their motion to compel is appropriate based on exceptional circumstances. First, the underlying litigation is complex in nature as it involves four related antitrust cases in which Plaintiffs and other parties seek redress from Defendant Varsity Brands, LLC, and others for numerous alleged violations of the Sherman Act. *See Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-CV-2600-SHL-

tmp (W.D. Tenn.); *Radek, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-CV-2649-SHL-tmp (W.D. Tenn.); *Am. Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.*, No. 2:20-CV-2782-SHL-tmp (W.D. Tenn.); *Jones, et al. v. Bain Capital Private Equity, et al.*, No. 2:20-CV-2892-SHL-tmp (W.D. Tenn.).  Notably, the cases have been assigned to the same district judge and magistrate judge.

The advisory committee notes to Rule 45(f) also support the transfer of Plaintiffs' motion to compel as any burden Defendant might encounter in relation thereto will be minimal and is outweighed by other factors that favor transfer.  First, transfer would avoid any possibility of the Court's disrupting the Tennessee Court's case management and would ensure uniformity in that court's rulings.  The Tennessee Court is actively involved in the management of the case as can be seen on the docket itself.  Given the Tennessee Court's level of familiarity with the issues at stake, it is "in a superior position to resolve [these particular] subpoena-related motions." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).  The interests of judicial economy and avoiding piecemeal decisions on discovery matters also dictate the prudence of allowing the Tennessee Court to rule on Plaintiffs' fully briefed motion to compel.

Further, there would be no need for Defendant to retain counsel in Tennessee or become admitted to practice in Tennessee to litigate the motion.  In the event of transfer, Texas counsel for Defendant would immediately be authorized to file papers and fully participate in the proceedings without the need for a *pro hac vice* petition or local counsel.  *See* FED. R. CIV. P. 45(f) ("[I]f the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court.").  Finally, should a hearing be necessary on Plaintiffs' motion, the advisory committee notes provide that, "[i]f the motion is transferred, judges are encouraged to permit

telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).  Indeed, the Tennessee Court's Local Rule 43.1(c) contemplates that counsel may request to be excused from appearing in person at hearings.

E. Conclusion

For the reasons set forth above, Plaintiffs' *Motion to Transfer Their Motion to Compel Rebel Athletic Inc. to Comply with Subpoena Duces Tecum*, Doc. 4, is **GRANTED**.  The Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Western District of Tennessee for determination in connection with the underlying litigation, Civil Action No. 2:20-CV-02600-SHL-cgc.  Plaintiffs' *Motion for Oral Argument and Request for Hearing*, Doc. 19, is **TERMINATED AS MOOT**.

**SO ORDERED** on December 3, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE